292-11

STATE OF MAINE                          SUPERIOR COURT
PISCATAQUIS, SS.                        CIVIL ACTION
                                        DOCKET NO RE-09-023

US BANK NATIONAL ASSOCIATION,

        Plaintiff,
    v.
                            ORDER
BONNIE J. JAENISCH,

        Defendant.

Hearing was held on the plaintiff's complaint for foreclosure, and post trial submissions filed, by December 20, 2010. The plaintiff was represented by counsel, Samuel Sherry, Esq., while the defendant was present and represented by counsel, Thomas Cox, Esq.

Initially, the defendant argues that the Court does not have subject matter jurisdiction to decide this case because the plaintiff was not the owner of the relevant note or mortgage when it filed its complaint. This factual assertion is correct. The plaintiff filed this complaint on February 26, 2009 and accomplished service in February as well.[1] The mortgage originally identified American Brokers Conduit as the lender, and the plaintiff became the owner of the mortgage and note by assignment dated March 6, 2009. It is clear that at the time that these proceedings were commenced, the plaintiff was not the owner or holder of either the note of mortgage.

Failing to have standing for a period of time while maintaining a foreclosure action does not automatically result in dismissal of the suit if subsequent assignment of note and mortgage or proper substitution of parties cures the standing defect. In *MERS*

Received & Filed

AUG 15 2011

Piscataquis County
Clerk's Office

---

[1] The return of service indicates a February service month and the date appears to the 27th, but may be some other date in February.

assignment to Kondaur that would have prevented the substitution had there been an objection. The basis of the Court's criticism was Liquidation's failure to have standing for the period of time after it filed the complaint, before it became the owner of the note and mortgage. Because of that, a later innocent assignment would have been invalid. Those facts are the same as here, except for the final assignment. It would be illogical to rule that had there been no assignment to Kondaur there would be no dismissal based on the prior lack of standing, but because of the later, innocent assignment, suddenly there could be a dismissal due to lack of standing.

Because this was not an "understandable mistake", and because of the precedent described above, this case must be dismissed due to lack of subject matter jurisdiction derived from the lack of standing. Additionally, to the extent that policy is relevant, it would be a mistake to encourage foreclosure plaintiffs, or any plaintiffs for that matter, to institute a civil law suit based on the expectation that they would later obtain the legal basis for the suit.

The entry is: Dismissed for Lack of Standing.

Dated: August 12, 2011

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT